UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUGENE R. LAMPRECHT,

    Plaintiff,

  v.

HAL NEDERLAND N.V., *et al.*,

    Defendants.

Case No. C04-0166L

SUPPLEMENTAL ORDER
REGARDING MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by defendants HAL Nederland, N.V., *et al.* (Dkt. #14). Plaintiff, Eugene Lamprecht, sustained injuries as a passenger on a cruise abroad the S/S RYNDAM; he brings a cause of action against all defendants alleging that the crew's negligence caused his injury.

On May 26, 2005, the Court granted defendants' motion in part and denied it in part. The Court held that "[d]efendants' motion is granted as to all of plaintiff's theories of negligence except the theory proposed by Dr. Wilson, that the second mate's reaction to the mechanical failure violated the STCW in failing to reduce speed and activate the NFU within fifteen seconds after the failure was discovered." (Dkt. #29). On September 21, 2005, the Court held a Daubert

SUPPLEMENTAL ORDER REGARDING
MOTION FOR SUMMARY JUDGMENT - 1

hearing regarding the admissibility of Dr. Wilson's opinion and its sufficiency to defeat defendants' motion for summary judgment.  Dr. Wilson testified during the hearing, and counsel for both parties examined him and presented arguments.

## II.  DISCUSSION

Dr. Wilson opined that temporary failure of the steering control systems is relatively common in the industry and that the recognized response is to reduce speed and activate the NFU tiller.  He opined that the second mate on the vessel violated the Standards of Training, Certification, and Watchkeeping ("STCW") in failing to take those steps within approximately one minute after the mechanical failure caused the rudders to go "hard over."[1]

It is undisputed that Dr. Wilson is an expert in the field.  Defendants argue that the Court should nevertheless exclude his opinion because it is not relevant or reliable.  Defendants note that Dr. Wilson has no opinion regarding when Mr. Lamprecht's injury occurred; therefore, if it occurred before the crew could reasonably have reacted to the steering malfunction, then his opinion is irrelevant.  However, Dr. Wilson testified that if the crew had reduced the vessel's speed within a minute after the malfunction, the list would have been barely noticeable to passengers.  Mr. and Mrs. Lamprecht both testified during their depositions that they saw items flying across the room when Mr. Lamprecht fell from his chair.  Deposition of Lola Lamprecht at pp. 30-31.  Based on that testimony, an issue of fact remains regarding whether Mr. Lamprecht's injury occurred within a minute after the rudders went hard over.  Dr. Wilson's opinion is therefore relevant to the issues of the standard of care and causation.

Defendants also argue that Dr. Wilson's opinion is not reliable and is speculative.

---

[1] In his Preliminary Report submitted in response to defendants' motion for summary judgment, Dr. Wilson stated that "the Second Officer had about 15 seconds to identify the problem, decide on a solution, and then implement a solution."  Declaration of Lance Palmer ("Palmer Decl."), Ex. 13 at p. 4.  During the hearing, Dr. Wilson clarified that it would have taken 15 seconds for the rudders to move from amidships to hard over; however, the crew would have had approximately one minute to correct the problem before the heel reached a dangerous angle.

SUPPLEMENTAL ORDER REGARDING
MOTION FOR SUMMARY JUDGMENT - 2

Because of the nature of the issues and of the available evidence, the testimony must be speculative to some extent. After hearing Dr. Wilson's testimony, the Court finds that it is not excessively speculative and that it is based on sufficient facts and data to warrant its admissibility. See Fed. R. of Evid. 702 (requiring that expert testimony be "based on sufficient facts or data"); see also United States v. Various Slot Machines on Guam, 658 F.2d 697, 700 (9th Cir. 1981) (explaining that "in the context of a motion for summary judgment, an expert must back up his opinion with specific facts"). Therefore, the Court will consider Dr. Wilson's opinion in deciding the motion for summary judgment.

Once Dr. Wilson's opinion is considered, it is clear that issues of fact remain regarding whether the second mate's response to the malfunction was reasonable and whether it violated the STCW.

## III. CONCLUSION

For all of the foregoing reasons, the Court DENIES defendants' motion for summary judgment (Dkt. #14) regarding plaintiffs' allegation that the second mate's reaction to the mechanical failure violated the STCW in failing to reduce speed and activate the NFU shortly after the failure was discovered. The Court's staff will contact counsel to schedule a telephone conference to discuss scheduling issues.

DATED this 26th day of September, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

SUPPLEMENTAL ORDER REGARDING
MOTION FOR SUMMARY JUDGMENT - 3